**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM CASTILLO,** | : | **No. 3:26-CV-1753** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WARDEN LSCI ALLENWOOD LOW,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

William Castillo initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the Federal Bureau of Prisons (BOP) has improperly refused to apply time credits earned under the First Step Act (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018), to create an earlier release date. Because Castillo is statutorily ineligible for application of FSA credits, the court must deny his Section 2241 petition.

## I. BACKGROUND

Castillo is currently serving a 240-month sentence imposed by the United States District Court for the Eastern District of Texas for continuing criminal enterprise. (See Doc. 8-3 at 3). His current projected release date, via good-conduct time, is May 8, 2027. (See id.).

Although not explicitly alleged by either party, it appears that Castillo is a native and citizen of Peru. (See Doc. 8-6 at 3; see also Doc. 8-5 at 4 (ordering

Castillo removed to Peru)). On July 6, 2010, an Immigration Judge found Castillo removable and ordered him removed to Peru pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i). (See Doc. 8-5). Castillo waived appeal of this order, rendering it a final order of removal. (See id. at 4); 8 C.F.R. § 1241.1(b).

Castillo is currently confined at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania. (See Doc. 1 at 1). The Department of Homeland Security has issued an immigration detainer for Castillo, noting that he has a "final order of removal against [him]." (See Doc. 8-6).

Castillo filed the instant Section 2241 petition in June 2026. (See generally Docs. 1, 2). He argues that the BOP is unlawfully refusing to apply FSA credits he has earned during his incarceration to create an earlier release date. Respondent timely answered the petition. (See generally Doc. 8). Castillo timely filed a traverse, (Doc. 9), so his Section 2241 petition is ripe for disposition.

## II. DISCUSSION

Respondent first asserts that Castillo's Section 2241 petition should be dismissed because he failed to exhaust administrative remedies. Respondent additionally argues that because Castillo is subject to a final order of removal, he is statutorily ineligible for application of FSA credits.

Because Castillo's FSA claim involves issues of purely statutory construction, administrative exhaustion is excused. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, Castillo's claim runs contrary to the plain language of the FSA and therefore lacks merit.

Under the FSA, an eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" which "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C). More specifically, the FSA allows eligible inmates to earn ten days of time credits for every thirty days of successful participation in EBRR programming or PAs. See id. § 3632(d)(4)(A)(i). If the BOP determines that the inmate is at a minimum or low risk of recidivism and has not increased their recidivism risk over two consecutive assessments, the inmate can earn an additional five days of time credits for every thirty days of successful participation in EBRR programming or PAs (for a total of fifteen days of time credits for every thirty days of programming). See id. § 3632(d)(4)(A)(ii).

Application of FSA credits, however, is statutorily barred for inmates serving sentences for certain criminal offenses. See 18 U.S.C. § 3632(d)(4)(D). Application of FSA credits is also barred for prisoners who are "the subject of a final order of removal under any provision of the immigration laws (as such term

is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. [§] 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E).

Respondent's argument is straightforward: because Castillo is subject to a final order of removal, he is statutorily ineligible for application of FSA credits. (See Doc. 8 at 12-15). In Castillo's habeas petition and memorandum of law, he primarily contends that Section 3632(d)(4)(E) does not apply to him because he only has an "inadmissibility order," which is not a "final order of removal." Castillo is incorrect.

As noted above, an Immigration Judge found Castillo subject to removal pursuant to Section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i). That order became final when Castillo waived appeal.

Castillo appears to argue, without any factual support, that (1) he is subject to expedited removal under 8 U.S.C. § 1225(b)(1); (2) he had no statutory ability to appeal this expedited removal order to the Board of Immigration Appeals; and (3) therefore he does not have a final order of removal as that term is defined by the INA. (See Doc. 2 at 12-27). It is unclear how Castillo arrives at these conclusions, as they are not supported by his own evidence or the documents provided by Respondent. Castillo was ordered removed by an Immigration Judge in formal removal proceedings, and that order of removal specifically noted the option to appeal. (See Doc. 8-5 at 4). Castillo, however, chose not to

appeal, rendering the order of removal final. Castillo has not established or explained how he is subject to expedited removal, so his initial argument is entirely misplaced.[1]

In his traverse, Castillo appears to jettison the unsupported claim in his initial memorandum of law that he does not have a final order of removal. Instead, he contends that because the heading to 18 U.S.C. § 3632(d)(4)(E) states: "*Deportable* prisoners ineligible to apply time credits," and he was ordered removed based on an *inadmissibility* ground under 8 U.S.C. § 1182, the statutory bar for application of FSA credits in Section 3632(d)(4)(E) does not apply to him. (See Doc. 9 at 2, 6-9). This argument, too, widely misses the mark.

While it is true that the heading to Section 3632(d)(4)(E) uses the term "deportable," that heading does not override the operative statutory text itself. Rather, the unambiguous language of the statutory provision controls. See Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33, 47 (2008) ("To be sure, a subchapter heading cannot substitute for the operative text of the statute."); Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 212 (1998) ("[T]he title of a statute . . . cannot limit the plain meaning of the text." (alterations in original)

[1] Even if Castillo were subject to an expedited order of removal, so long as that order is final, courts in this circuit have repeatedly held that he would be ineligible for application of FSA credits pursuant to 18 U.S.C. § 3632(d)(4)(E). See, e.g., Saavedra-Ramirez v. Warden Loretto FCI, No. 26-1331, 2026 WL 3034384, at *1-2 (3d Cir. Oct. 9, 2026) (nonprecedential); Said v. Underwood, No. 3:23-cv-00164, 2025 WL 90145, at *2 (W.D. Pa. Jan. 14, 2025); Duyzings v. Warden, FCI Fort Dix, No. 23-CV-21574, 2024 WL 1406647, at *3 (D.N.J. Apr. 2, 2024).

(citation omitted)). Thus, when Section 3632(d)(4)(E)(i) states that a prisoner is ineligible for application of FSA credits when he or she "is the subject of a final order of removal under *any provision* of the immigration laws," 18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added), that is exactly what Congress meant. Furthermore, "any provision of the immigration laws" plainly includes a final order of removal based on inadmissibility grounds in 8 U.S.C. § 1182. See 18 U.S.C. § 3632(d)(4)(E)(i) (incorporating the definition of "immigration laws" found at 8 U.S.C. § 1101(a)(17), which in turn broadly defines the term "immigration laws" as including "this chapter and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens").

The heading of Section 3632(d)(4)(E), therefore, does not override the unambiguous language of the statutory text. Castillo's order of removal—regardless of whether he was found removable on "inadmissibility" grounds or "deportability" grounds—is a "final order of removal" under immigration law that renders him ineligible for application of FSA credits pursuant to the plain language of Section 3632(d)(4)(E)(i). Therefore, his Section 2241 petition seeking application of FSA credits is meritless and must be denied.

## III. CONCLUSION

Based on the foregoing, the court will deny Castillo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate order follows.

Date: 11/3/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**